HÉCTOR MALDONADO ARROYO, demandante y recurrente, *v.* HON. PEDRO A. TOLEDO DÁVILA, SUPERINTENDENTE DE LA POLICÍA DE PUERTO RICO, demandado y recurrido.

*Número:* AA-95-18          *Resuelto:* 10 de mayo de 1995

478

*Pylar Gómez Vélez*, abogada del recurrente.

La Juez Asociada Señora Naveira de Rodón emitió la opinión del Tribunal.

Ante nuestra consideración fue sometida la apelación de epígrafe solicitando la revisión de la resolución emitida por el Superintendente de la Policía (en adelante Superintendente), el 1ro de diciembre de 1994, notificada y archivada en autos en la misma fecha. Mediante dicha resolución, el Superintendente le revoca al apelante una licencia de Guardia de Seguridad. El 20 de diciembre de 1994 el ape-

lante solicitó al Superintendente la reconsideración de la resolución emitida. Transcurrido el término de quince (15) días dispuesto en la Sec. 3.15 de la Ley Núm. 170 de 12 de agosto de 1988, Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2165, la agencia no tomó determinación alguna en torno a la moción de reconsideración presentada. El apelante presentó recurso de revisión ante el Tribunal de Primera Instancia, Sala Superior de Caguas, el 1ro de febrero de 1995.

Con fecha de 16 de febrero de 1995, la Sala Superior de Caguas emitió resolución indicando que a tenor con la Ley Núm. 108 de 29 de junio de 1965, Ley de Detectives Privados en Puerto Rico, 25 L.P.R.A. sec. 285 *et seq.*, correspondía la radicación del recurso ante la Sala Superior de San Juan y que de conformidad con el Art. 3.002(e) de la Ley de la Judicatura de Puerto Rico de 1994, Leyes de Puerto Rico 2800, 2807, la competencia para entender en la solicitud de revisión correspondía a este Tribunal. Le indicó a la parte recurrente que debía presentar el recurso ante este Foro o, en la alternativa, solicitar conforme a derecho que ordenáramos el traslado del recurso para su consideración. Finalmente, el 16 de marzo de 1995, el apelante optó por presentar el recurso de revisión ante nuestra consideración.

Luego de examinado el recurso, así como las disposiciones pertinentes de la Ley de la Judicatura de Puerto Rico de 1994 y el Reglamento del Tribunal Supremo, concluímos que la petición debe ser remitida al Tribunal de Primera Instancia, Sala Superior de San Juan. Veamos.

El 24 de enero de 1995 entró en vigor la Ley de la Judicatura de Puerto Rico de 1994. El 13 de enero de 1995 se aprobaron las Reglas de Transición sobre la Aplicación del Reglamento del Tribunal Supremo y un nuevo Reglamento del Tribunal Supremo. El 23 de enero de 1995 se enmendó la Regla 1(c) de Transición sobre la Aplicación del Reglamento del Tribunal Supremo y la Regla 18 del Reglamento

del Tribunal Supremo de Puerto Rico. Estas enmiendas también entraron en vigor el 24 de enero de 1995.

■ La Regla 1(c) de Transición sobre la Aplicación del Reglamento del Tribunal Supremo de Puerto Rico de 13 de enero de 1995, según enmendada mediante Resolución de 23 de enero de 1995, pág. 2, define *Agencia Administrativa* de la forma siguiente:

> (c) Agencia Administrativa—la Junta Azucarera, la Junta de Salario Mínimo, la Junta de Relaciones del Trabajo, la Comisión Industrial, la Comisión de Servicio Público, la Administración de Compensaciones por Accidentes de Automóviles, la Comisión de Investigación, Procesamiento y Apelación, la Comisión para Ventilar Querellas Municipales y *cualquier otra agencia administrativa que por Ley específicamente se disponga que los recursos contra las decisiones finales de la agencia se presentarán en la Sala de San Juan del Tribunal Superior.* (Énfasis suplido.)

■ A su vez, la Regla 5(a) de Transición sobre la Aplicación del Reglamento del Tribunal Supremo de Puerto Rico, *supra*, pág. 10, dispone:

> (a) Toda decisión dictada o emitida por una agencia administrativa con anterioridad a la vigencia de la Ley, *cuyo término para recurrir al tribunal haya comenzado a decursar con anterioridad a la vigencia de la Ley y no se haya interrumpido, se continuará tramitando bajo la ley vigente al momento en que comenzó a decursar el término para recurrir al tribunal.* (Énfasis suplido.)

■ La Regla 18(i) del Reglamento del Tribunal Supremo de Puerto Rico de 13 de enero de 1995, según enmendado mediante Resolución de 23 de enero de 1995, pág. 6, indica:

> (i) Aplicación
> Esta Regla aplicará a todo recurso procedente de una agencia administrativa que según los incisos (d) y (e) del Artículo 3.002 de la Ley de la Judicatura de Puerto Rico de 1994 será revisado mediante recurso de apelación ante el Tribunal Supremo y el Artículo 11(A) de la Ley de Sustento de Menores, Ley Núm. 5

de 30 de diciembre de 1986, según enmendada por la Ley Núm. 86 de 17 de agosto de 1994. Todos los otros asuntos continuarán revisándose conforme a la ley anterior.

■ En el comentario a esta Regla 18(i), *supra*, págs. 8–9, se expresa:

> Interpretando los Artículos 3.002(d) y (e), 5.003(a)(5) y 9.004(a), de forma cónsona con el espíritu de la Ley de la Judicatura de Puerto Rico de 1994, y el propósito y objetivo de ésta de facilitar el acceso a los tribunales a los ciudadanos, y hacer la mejor y más eficiente utilización de los recursos de la Rama Judicial, en esta Regla disponemos sobre el procedimiento para las apelaciones al Tribunal Supremo de recursos provenientes de agencias administrativas. Entre estas agencias están las mencionadas en el Artículo 3.002(d) de la Ley: La Junta Azucarera, La Junta de Salario Mínimo, La Junta de Relaciones del Trabajo y la Comisión Industrial; *además de cualquier otra agencia administrativa que por Ley se haya dispuesto que los recursos contra las disposiciones finales se presentarán y atenderán en la Sala de San Juan.* Entre estas últimas se encuentran: la Comisión de Servicio Público, la Administración de Compensación por Accidentes de Automóvil, la Comisión de Investigación, Procesamiento y Apelación y la Comisión para Ventilar Querellas Municipales. *La revisión de las decisiones de todas las demás agencias administrativas continuarán tramitándose en el Tribunal Superior de la misma forma y manera que se hacía antes de entrar en vigor la Ley. Las sentencias que sobre éstas emita el Tribunal Superior podrán ser revisadas por el Tribunal de Circuito de Apelaciones mediante el recurso de certiorari, Regla 18(B)(2) y (C) del Reglamento del Tribunal de Circuito de Apelaciones.* (Énfasis suplido.)

En *Farmacias Moscoso, Inc. v. K-mart Corp.*, 138 D.P.R. 497 (1995), avalamos esta interpretación.[1]

■ De otra parte, la Ley de Detectives Privados en Puerto Rico dispone que cuando el Superintendente deniegue o revoque una licencia, la parte agraviada podrá solicitar la revisión ante la Sala de San Juan del Tribunal Superior. 25 L.P.R.A. sec. 285n(3).

Conforme a las disposiciones antes citadas, la determinación en el caso de autos es una que al amparo de las

---

[1] Este caso y el de marras fueron certificados el mismo día.

disposiciones de la Ley de la Judicatura de Puerto Rico de 1994 podría ser revisada por este Foro mediante recurso apelativo. Esto, sin embargo, no resuelve el problema en el presente caso. La resolución fue emitida y notificada el 1ro de diciembre de 1994 y la moción de reconsideración fue interpuesta el 20 de diciembre. Transcurrido el término reglamentario de quince (15) días sin que la agencia tomara acción en torno a la moción, el término para acudir en revisión comenzó a decursar el 4 de enero de 1995, antes de entrar en vigor la Ley de la Judicatura de Puerto Rico de 1994. Conforme con la Regla 5(a) de Transición sobre la Aplicación del Reglamento del Tribunal Supremo, *supra*, corresponde tramitar la petición al amparo de la ley vigente al momento en que comenzó a decursar el término para recurrir al tribunal. El tribunal con competencia es el Tribunal de Primera Instancia, Sala Superior de San Juan.

Tomando en consideración todo lo antes expuesto, *se dictará sentencia remitiendo el caso al Tribunal de Primera Instancia, Sala Superior de San Juan, para que ésta se tramite conforme al derecho procesal vigente al momento en que comenzó a decursar el término para recurrir al Tribunal.*

El Juez Asociado Señor Rebollo López no intervino. El Juez Asociado Señor Fuster Berlingeri concurrió sin opinión escrita.