EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Municipio Autónomo de San Juan<br><br>    Recurrido<br><br>         v.<br><br>Junta de Planificación de Puerto Rico<br>    Recurrido<br><br><br>Julia Pérez- Carrillo y Carlos Manuel Limardo Ortiz<br><br>Interventores - Peticionarios | Certiorari<br><br>2013 TSPR 141<br><br>189 DPR \_\_\_\_ |

Número del Caso: CC-2012-690

Fecha: 5 de diciembre de 2013

Tribunal de Apelaciones: Región Judicial de San Juan, Panel I

Abogados del Peticionario:

      Lcda. Julia Pérez Carrillo
      Lcdo. Carlos M. Limardo Ortiz

Abogado del Recurrido:

      Lcdo. Roberto Sánchez Ramos
      **Municipio de San Juan**

      Lcdo. Benjamín Soto Maldonado
      Lcda. Milagros E. Rijos Ramos
      **Junta de Planificación**

Materia: Derecho Administrativo – Debido proceso de ley, requisito de notificación a los dueños de propiedades rezonificadas por la Junta de Planificación.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Municipio Autónomo de
San Juan
    Recurrido

    v.                               CC-2012-0690

Junta de Planificación de
Puerto Rico
    Recurrido

Julia Pérez-Carrillo y
Carlos Manuel Limardo Ortiz
Interventores – Peticionarios

Opinión del Tribunal emitida por el Juez Presidente señor HERNÁNDEZ DENTON

San Juan, Puerto Rico, a 5 de diciembre de 2013.

En esta ocasión, debemos determinar a quiénes debe notificarse un recurso de revisión presentado para impugnar una Resolución de la Junta de Planificación emitida en un proceso de rezonificación. En particular, nos corresponde analizar si se debe notificar a todos los dueños de las propiedades rezonificadas por la Resolución. Además, tenemos que resolver cuál es el dueño a quien hay que notificar cuando hay un cambio de propietario durante el trámite administrativo. Por último, debemos establecer si un dueño puede ser notificado mediante su representante designado para llevar a cabo el proceso de rezonificación.

Por los fundamentos que exponemos a continuación, se desestima el recurso de revisión presentado por el Municipio de San Juan por falta de notificación y se mantiene en vigor la Resolución emitida por la Junta de Planificación.

I.

El 30 de agosto de 2007 R.H. Holdings, Inc. (R.H. Holdings) y su Presidente, Sr. Ramón Acosta Díaz, en calidad de dueños[1] y representados por el Sr. Víctor Rivera Pagán, presentaron la petición de recalificación 2007-17-0420-JPZ ante la Junta de Planificación (JP). Requirieron que se enmendara la calificación de un solar perteneciente a la corporación ubicado en la Calle Pedro Bigay, Núm. 562 en la Urb. Baldrich en San Juan. En específico, solicitaron que se enmendara la Hoja Número 7-D del Mapa de Calificación de Suelos del Municipio de San Juan para que se recalificara el solar de R-3 (residencial general) a C-1 (comercial local) con el propósito de operar una oficina de servicios de celulares.

Tras varios incidentes relacionados con el proceso de recalificación, la JP celebró una vista pública el 4 de diciembre de 2007 para evaluar esa petición. El 14 de julio de 2008, la JP notificó una Resolución mediante la cual aprobó el cambio en la zonificación de R-3 a C-L (comercial liviano) por considerar que el área se comportaba como una de usos mixtos y alto volumen vehicular, derrotando el uso

---

[1] En el encasillado de dueño en la solicitud de petición de enmienda aparece R.H.Holding/Ramón Acosta.

principal residencial. Advirtió que una vez autorizada una enmienda a un Mapa de Calificación/Zonificación por la JP, la misma entraría en vigor a los quince días de publicarse un edicto en un periódico de circulación general. Por otra parte, la JP recibió otras siete peticiones de enmienda a la Hoja Número 7-D del Mapa de Calificación de Suelos del Municipio de San Juan que fueron evaluadas de forma independiente.

El 12 de noviembre de 2011 R.H. Holdings vendió la propiedad en cuestión a la parte peticionaria compuesta por la Lcda. Julia Pérez-Carrillo Sainz y el Lcdo. Carlos Manuel Limardo Ortiz. Es decir, los peticionarios adquirieron la propiedad antes de finalizar el proceso administrativo de enmienda al mapa de calificación. Después de la adquisición, estos obtuvieron un permiso de uso del Municipio de San Juan (Municipio) para utilizar el local como oficina de su práctica privada de abogacía.

Para completar el proceso administrativo de enmiendas al mapa de calificación, el 31 de enero de 2012 la JP emitió la Resolución C-18-09 en la cual aprobó y adoptó la petición de R.H. Holdings y las otras siete peticiones presentadas para enmendar la Hoja Número 7-D del Mapa de Calificación de Suelos del Municipio de San Juan. Además, publicó un aviso en el periódico El Vocero el 15 de marzo de 2012, según exige el Reglamento de Zonificación de Puerto Rico. El aviso informaba que las enmiendas entrarían en vigor a los quince días de publicado el mismo, a saber,

el 31 de marzo de 2012. Cabe mencionar que durante todo el trámite administrativo, la JP envió sus notificaciones a las direcciones de R.H. Holdings y del señor Rivera Pagán que se incluyeron en la petición de enmienda.

Insatisfecho con esa Resolución, el 30 de abril de 2012 el Municipio presentó un recurso de revisión ante el Tribunal de Apelaciones para impugnar la petición 2007-17-0420-JPZ presentada por R.H. Holdings. En síntesis, suplicó que se revocara y dejara sin efecto la autorización de cambio de calificación de la propiedad especificada en esa petición. Nótese que aunque delimitó la impugnación de la Resolución a una de las ocho peticiones, el primer señalamiento de error en su recurso es si erró la JP al acumular, en una sola resolución y aviso, la notificación de enmiendas a ocho propiedades.

El Municipio solamente notificó su recurso al señor Rivera Pagán como representante de R.H. Holdings y del señor Acosta Díaz. No notificó a los nuevos dueños de la propiedad, ni a R.H. Holdings o al señor Acosta Díaz. Tampoco notificó a los propietarios de los otros siete solares que se vieron afectados por las enmiendas aprobadas en la Resolución C-18-09.

A raíz de esto, se presentaron tres mociones de desestimación por falta de notificación. El señor Acosta Díaz presentó una primera en la cual alegó que como Presidente de R.H. Holdings le asistía el derecho a ser notificado del recurso de revisión por ser el dueño de la

propiedad. Afirmó que el señor Rivera Pagán ya no trabajaba para su compañía por lo que no era parte con interés en el caso.

Por su parte, la parte peticionaria solicitó la desestimación del recurso por falta de notificación por ser los dueños actuales y, en la alternativa, pidieron intervenir en el proceso apelativo puesto que sus intereses propietarios se podrían ver afectados. Sobre estas dos mociones, el foro apelativo intermedio declaró no ha lugar a la desestimación por falta de jurisdicción y concedió la intervención de los peticionarios.

La JP presentó la tercera moción de desestimación por falta de jurisdicción. Argumentó que el Municipio no había notificado a siete de los ocho proponentes de las enmiendas individuales, lo que incide sobre la jurisdicción del foro intermedio. Esto, pues no notificar a todos los proponentes tiene el efecto de limitar el derecho de participar en el proceso apelativo, el cual podría culminar con la revocación de la notificación efectuada mediante el aviso publicado.

El Municipio se opuso a la solicitud de desestimación presentada por la JP por entender que la notificación hecha al señor Rivera Pagán fue suficiente, pues este fue quien participó del proceso de la petición 2007-17-0420-JPZ. Esto, ya que la impugnación respecto a la Resolución C-18-09 se limita a esa petición. A su entender, no se afectarán las siete peticiones restantes con la determinación que en

su día tome el Tribunal de Apelaciones. Además, señala que envió la notificación a la dirección del señor Rivera Pagán porque aparece en el expediente administrativo como el representante de R.H. Holdings y del señor Acosta Díaz.

Sucesivamente, las partes continuaron presentando mociones para justificar la desestimación o no del recurso. El Tribunal de Apelaciones, mediante varias resoluciones, denegó desestimar el recurso por falta de notificación a los ocho promotores y determinó que la notificación hecha al señor Rivera Pagán fue suficiente por ser el representante de R.H. Holdings. Es decir, acogió el planteamiento del Municipio sobre que la impugnación se refiere solamente a una de las peticiones, por lo que no se extiende a las otras siete. Asimismo, dispuso que no consideraría una oposición presentada por la parte peticionaria porque el Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, no provee para réplicas.

Tras esa denegatoria, la licenciada Pérez-Carrillo Sainz y el licenciado Limardo Ortiz acudieron ante este Tribunal mediante moción en auxilio de jurisdicción para que revisáramos el aspecto jurisdiccional por falta de notificación y petición de *certiorari*. Además, solicitaron que revocáramos la determinación del Tribunal de Apelaciones de no considerar la oposición porque el reglamento de ese foro no provee para ello. Expedimos el

recurso. Contando con el beneficio de las comparecencias de las partes, procedemos a resolver.

## II.

Nuestra Constitución protege a los ciudadanos de no ser privados de su propiedad sin un debido procedimiento de ley. Art. II, Sec. 11, Const. E.L.A., L.P.R.A., Tomo 1; Emda. V, Const. EE.UU., L.P.R.A., Tomo 1. La notificación adecuada es un elemento indispensable del debido proceso de ley. Mun. San Juan v. Plaza Las Américas, 169 D.P.R. 310, 329 (2006). Así pues, la falta de notificación adecuada del recurso de revisión de una decisión administrativa puede afectar la jurisdicción del Tribunal de Apelaciones. Matos v. Metropolitan Marble Corp., 104 D.P.R. 122 (1975). Por tal razón, para dirimir la controversia ante nuestra consideración es necesario evaluar los requisitos de una notificación adecuada de un recurso de revisión administrativa en el contexto de una Resolución emitida por la JP para enmendar un mapa de zonificación.

**A. Proceso de enmiendas a los mapas de zonificación**

La JP es el organismo encargado de proteger los intereses de los ciudadanos en el descargo de la política pública sobre zonificación. E.L.A. v. Domínguez, 104 D.P.R. 468, 470 (1975). Véase, además, Ley Núm. 76-1975, conocida como Ley Orgánica de la Junta de Planificación de Puerto Rico, 23 L.P.R.A. sec. 62 et seq. Como tal, está facultada para adoptar o enmendar los mapas de zonificación mediante procesos de naturaleza cuasi legislativa. Luan Investment

Corp. v. Román, 125 D.P.R. 533, 545 (1990). Dichos mapas de zonificación y sus enmiendas representan la forma visual y práctica de instrumentar los reglamentos de zonificación y sus enmiendas, por lo que se trata del ejercicio de su función de reglamentación. Íd. Por ello, la aprobación de estos reglamentos y sus enmiendas no son actos de naturaleza adjudicativa, dirigidos a resolver una controversia en particular entre una o más personas, sino que son actos producto de los instrumentos con los cuales el Estado ha provisto a la JP para reglamentar el uso de terrenos en Puerto Rico, de manera que se logre un desarrollo integral y balanceado de nuestra sociedad. Íd., pág. 547. Esto hace indispensable la adecuada notificación a todas las partes cuyos intereses puedan quedar afectados. Montoto v. Lorie, 145 D.P.R. 30, 44 (1998).

Adviértase que la creación de dicha reglamentación se clasifica como regla legislativa porque impacta directamente a los ciudadanos en general y obliga con fuerza de ley a la agencia. Centro Unidos Detallistas v. Com. Serv. Pub., 174 D.P.R. 174, 182 (2008). Esto contrasta con las reglas de interpretación o procesales que no tienen fuerza de ley, por lo que no crean derechos a los ciudadanos. Agosto Serrano v. FSE, 132 D.P.R. 866, 873 (1993). No obstante, el hecho de que se trate de un proceso de reglamentación, no acarrea la aplicación automática de la doctrina general de reglamentos y mucho menos lo relativo a la notificación. Ramírez v. Jta. Planificación,

185 D.P.R. 748, 759 (2012). No puede ser de otra forma pues, en este proceso de rezonificación, los dueños ven sus intereses propietarios directamente afectados.

Por otro lado, una vez la JP publica el aviso correspondiente en el periódico, las enmiendas que se efectúan a los mapas de zonificación entran en vigor a los quince días de su publicación. Ley Núm. 76-1975 (23 L.P.R.A. sec. 63). Es a partir de ese momento que comienza a transcurrir el término de treinta días para impugnar la validez de su faz de una regla o reglamento emitido por la agencia. Ley Núm. 170-1988 (3 L.P.R.A. sec. 2127(b)). Ciertamente, esto no requiere una notificación personal a cada una de las personas que se verán afectadas por la reglamentación, sino que es suficiente la notificación general. Ramírez v. Jta. Planificación, *supra*, págs. 758-759.

B. **Notificación adecuada como parte del debido proceso de ley en los procesos de zonificación**

Aunque los procesos de rezonificación son *cuasi* legislativos, la realidad es que forman un híbrido al impactar los intereses propietarios de los ciudadanos que presentan las solicitudes de cambios a la zonificación de sus propiedades.[2] Ante esta particularidad, es ineludible reconocer que estas reglas legislativas impactan de manera particular a los dueños aun cuando sean de aplicación

---

[2] El Art. 32 de la Ley Orgánica de la Junta de Planificación de Puerto Rico, *supra*, reconoce que las actuaciones realizadas al amparo de esta autoridad constituyen actos de naturaleza *cuasi* legislativa. 23 L.P.R.A. sec. 63d.

general. Sin embargo, para propósitos del debido proceso de ley en su vertiente procesal, existe un desfase entre la categorización del proceso como uno *cuasi* legislativo y que sus efectos sean de aplicación particular. Veamos.

La enmienda al mapa de zonificación que dio origen al recurso ante nos fue producto de un proceso *cuasi* legislativo, por lo que aplica la Sec. 2.7(b) de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (L.P.A.U.), Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2010 *et seq.* (L.P.A.U.). Esta disposición establece el procedimiento siguiente:

> (b) Cualquier acción para impugnar la validez de su faz de una regla o reglamento por el incumplimiento de las disposiciones de este capítulo deberá iniciarse en el Tribunal de Circuito de Apelaciones dentro de los treinta (30) días siguientes a la fecha de vigencia de dicha regla o reglamento. La competencia sobre la acción corresponderá al Circuito de la región judicial donde está ubicado el domicilio del recurrente. 3 L.P.R.A. sec. 2127.

En cambio, la L.P.A.U. define "adjudicación" como el "pronunciamiento mediante el cual una agencia determina los derechos, obligaciones o privilegios que correspondan a una parte". 3 L.P.R.A. sec. 2102(b). Vemos, pues, que el proceso de adjudicación se distingue por ser de aplicación particular, mediante el cual se adjudican derechos u obligaciones de una o más personas específicas. J.P. v. Frente Unido I, 165 D.P.R. 445, 463-464 (2005); Luan Investment Corp. v. Román, *supra*, pág. 547. En cuanto a la revisión de las determinaciones administrativas en su

función adjudicativa, la Sec. 4.2 de la L.P.A.U., 3 L.P.R.A. sec. 2172, dispone lo siguiente:

> [u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 2165 de este título cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión […].

En cuanto a lo que hoy nos ocupa, hemos expresado que no existen partes como tal ante la agencia en un proceso de reglamentación. J.P. v. Frente Unido I, *supra,* pág. 465. Una vez se acude al Tribunal de Apelaciones para impugnar la regla o reglamento pautado por la agencia, "el que impugna la actuación administrativa es el recurrente, y la agencia pertinente es la recurrida; sólo entonces es que existe un proceso adversativo ante un tribunal, y por lo tanto, 'partes' ante ese foro". Íd., págs. 465-466.

Por consiguiente, hemos sostenido que el requisito de notificación de la presentación del recurso de revisión administrativa a las partes que se establece en la Sec. 4.2 de la L.P.A.U., *supra*, se refiere al proceso de adjudicación ante una agencia administrativa y no al de reglamentación. J.P. v. Frente Unido I, *supra,* págs. 466-467.

Al ser así, a los procesos de rezonificación debería aplicarles el proceso de impugnación de reglamento establecido en la Sec. 2.7 de la L.P.A.U., *supra*, y no el dispuesto en la Sec. 4.2 de la misma ley, *supra*. Por ello, quien impugna no tendría que notificar su recurso de revisión a los propietarios.

No obstante, ante una situación similar, en Ramírez v. Jta. Planificación, *supra*, este Tribunal se negó a concluir que los dueños no tenían derecho a ser notificados de una sentencia del Tribunal de Apelaciones. Al contrario, reconocimos que estos eran partes cuyos intereses podrían ser afectados particularmente por los cambios en zonificación de sus propiedades. Entendimos que los intereses propietarios de los dueños afectados por la determinación de la JP o del foro revisor hacen que se activen las garantías del debido proceso de ley en su vertiente procesal, incluyendo las de una notificación adecuada. Ramírez v. Jta. Planificación, *supra*.

El debido proceso de ley procesal "impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo". Rivera Rodríguez & Co. v. Lee Stowell*, etc.*, 133 D.P.R. 881, 887-888 (1997). Al determinar cuál es el proceso apropiado para privar algún individuo de un derecho protegido, debemos observar los tres criterios establecidos por el Tribunal Supremo de Estados Unidos en Mathews v.

Eldridge, 424 U.S. 319 (1976): (1) determinar cuáles son los intereses afectados por la acción oficial, (2) el riesgo de una determinación errónea que prive a la persona del interés protegido mediante el proceso utilizado y el valor probable de garantías adicionales o distintas, y (3) el interés gubernamental protegido con la acción sumaria y la posibilidad de usar métodos alternos. Zapata *et al.* v. Zapata *et al.*, 156 D.P.R. 278, 301-302 (2002). Una vez identificado el interés propietario, el debido proceso garantiza la notificación adecuada. Marcano Rivera v. Departamento de Estado, 163 D.P.R. 778 (2005).

En virtud de lo anterior, la falta de una notificación adecuada viola las garantías del debido proceso de ley de los dueños de propiedades que se ven afectadas por los procesos de zonificación. Véase, Asoc. Vecinos de Altamesa Este, Inc. v. Municipio de San Juan, *supra*. Como consecuencia, este Tribunal dispuso que: "independientemente de quién sea el peticionario en el proceso de cambio de zonificación, surge diáfanamente del Reglamento la importancia de notificar a **los dueños** de las propiedades de la zona sujeta al cambio". Ramírez v. Jta. Planificación, *supra*, pág. 759 (Énfasis suplido). Al respecto, la Sec. 4.06 del Reglamento de Zonificación de Puerto Rico, Reglamento de Planificación Núm. 4 de la Junta de Planificación de 5 de noviembre de 2000, establece que "cuando sea por iniciativa propia y se trate de solares de

pertenencia privada o pública, la Junta notificará al dueño de la propiedad".

Asimismo, la notificación es esencial en todos los aspectos que cubren el proceso de zonificación. En Ramírez v. Jta. Planificación, *supra*, pág. 759, este Tribunal expresó que:

> por consiguiente, si la notificación a los dueños de las propiedades sujetas al proceso de zonificación es tan esencial en el ámbito administrativo, no vemos cómo a nivel apelativo la notificación pueda ser más laxa. En otras palabras, **la importancia de la notificación a los propietarios cubre todo el proceso de zonificación, incluyendo las etapas apelativas.** Íd., pág. 760. (Énfasis en el original.)

Por lo tanto, en dicho caso concluimos que los setenta y ocho propietarios de las peticiones aprobadas mediante una Resolución de la JP eran partes que debían ser notificadas adecuadamente durante todo el proceso. Íd. Esto responde a que los derechos sobre su propiedad se podrían ver afectados mediante un cambio de zonificación producto de la revisión judicial. Íd.

Por su parte, la Regla 58(B) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, regula específicamente el proceso de revisión de las decisiones administrativas. En lo pertinente al caso ante nos, dispone que:

(B) Notificación a las partes.

(1)   Cuándo se hará. La parte recurrente notificará el escrito de revisión debidamente sellado con la fecha y hora de su presentación a los abogados(as) de récord del trámite administrativo o, en su defecto, a las partes, así como a la

agencia o al funcionario(a) administrativo(a) de cuyo dictamen se recurre, dentro del término para presentar el recurso, siendo éste un término de cumplimiento estricto.

III.

En primer lugar, la parte peticionaria plantea que erró el Tribunal de Apelaciones al no desestimar por falta de notificación adecuada. Por ello, a la luz de la normativa expuesta, debemos resolver: (1) si es suficiente la notificación hecha al representante asignado por una corporación para presentar la petición de cambio de zonificación; (2) a quién debe notificar el Municipio si hay un cambio de dueño durante el trámite administrativo; y (3) si el Municipio debía notificar su recurso de revisión a los ocho peticionarios incluidos en la Resolución C-18-09 publicada en el aviso del periódico.

Hemos dejado claro que la falta de notificación adecuada en cualquier etapa del proceso de rezonificación puede violar las garantías al debido proceso de ley de los dueños de las propiedades afectadas, incluyendo la etapa apelativa. Por esta razón, es indispensable determinar si el Municipio notificó correctamente su recurso a todas las partes que pudieran quedar afectadas por la determinación del Tribunal de Apelaciones.

Según expusimos, la Resolución C-18-09 fue el resultado de ocho peticiones de enmiendas a zonificación que fueron presentadas por los dueños o sus representantes. En el caso de la petición 2007-17-0420-JPZ, R.H. Holdings, como dueño

de la propiedad, emitió una resolución corporativa para que su Presidente presentara la solicitud de enmienda ante la JP. Asimismo, este notificó a la JP que autorizaba al señor Rivera Pagán a presentar la solicitud como su representante. Al momento de presentar el recurso de revisión, el Municipio notificó a quien había sido el representante durante el trámite administrativo y cuya dirección aún constaba en el expediente. Entendemos que el Municipio actuó correctamente al notificar a la dirección del señor Rivera Pagán, ya que este fue quien presentó la petición 2007-17-0420-JPZ a nombre de R.H. Holdings y del señor Acosta Díaz. Claro está, si la corporación deseaba cambiar su representante debía notificarlo a la JP para que así se hiciera constar en el expediente administrativo.

Ahora bien, al sostener que, como mínimo, los dueños deben ser notificados, debemos determinar qué ocurre si hay un cambio de dueño durante el proceso. La parte peticionaria señala que tiene derecho a que se le notifique por ser los dueños al momento de la presentación del recurso de revisión administrativa. El Municipio arguye que sería muy oneroso determinar quién es el dueño actual. Consideramos que le asiste la razón al Municipio. Por tal razón, al presentar un recurso de revisión, este se deberá notificar al dueño o su representante que conste en el expediente. Surge del expediente ante nos que el dueño de la propiedad ubicada en la Calle Pedro Bigay, Núm. 562 en la Urb. Baldrich en San Juan era R.H. Holdings. Así pues,

el Municipio actuó correctamente al notificar a este último. Los nuevos dueños pueden solicitar el cambio ante la JP o solicitar intervención, tal como ocurrió en este caso. No obstante, si el expediente no refleja un cambio de dueño o representante al momento de presentar el recurso de revisión, se notificará al propietario o su representante que presentó la petición de rezonificación.

Por último, es necesario establecer si el Municipio debía notificar su recurso a los ocho dueños incluidos en la Resolución C-18-09. Recordemos que mediante dicha resolución y el correspondiente aviso en el periódico se enmendó la Hoja Número 7-D del Mapa de Calificación del Municipio. Tanto el Municipio como el Tribunal de Apelaciones sostienen que la impugnación se refiere y afectará únicamente a una de las ocho peticiones. No estamos de acuerdo.

Las peticiones de rezonificación fueron presentadas por los dueños de las propiedades que forman parte de la Resolución que fue impugnada. Como consecuencia, no albergamos duda que estos son partes con derecho a ser notificados durante todo el proceso administrativo y apelativo. Además, son los proponentes de los procesos de cambios en zonificación que culminaron con la publicación de una sola resolución y un aviso que el Municipio esencialmente impugna. Evidentemente, sus intereses podrían verse afectados si el Tribunal de Apelaciones decide

revocar la Resolución C-18-09 de la JP, por lo que se podría anular el efecto del aviso público.

Más aun, el Municipio señaló ante el Tribunal de Apelaciones que erró la JP al acumular en una sola resolución y aviso la notificación de enmiendas a las ocho propiedades. Necesariamente, al evaluar este señalamiento, las rezonificaciones de esas ocho propiedades también pudieran verse afectadas. Por consiguiente, el Municipio estaba obligado a notificar su recurso de revisión a los ocho dueños o sus representantes. No obstante, surge del expediente que solo se notificó a R.H. Holdings. Ante esa situación, el foro apelativo intermedio erró al entender que no era necesaria la notificación a las siete propiedades restantes.

Por todo lo anterior, es forzoso concluir que el recurso de revisión presentado por el Municipio nunca se perfeccionó por incumplimiento con el requisito de notificación. Consecuentemente, el foro apelativo intermedio no tiene jurisdicción y procede la desestimación del recurso. Concluido esto, es innecesaria la discusión del segundo señalamiento de error presentado por la parte peticionaria.

En síntesis, la notificación de un recurso de revisión presentado para impugnar una Resolución de la JP debe hacerse a todos los dueños o peticionarios que se incluyen en dicho dictamen, según constan en el expediente administrativo. Ello en virtud de la naturaleza del proceso

de rezonificación que nos ocupa. Si los dueños tienen un representante designado para el proceso de petición de enmienda, la notificación a este será suficiente, salvo que estos revoquen o designen un nuevo representante y lo hagan constar ante la JP. De surgir esta situación, deberá notificarse al representante nuevo o la persona designada por los propietarios. Por otro lado, de ocurrir un cambio de dueño durante el trámite administrativo, es responsabilidad del nuevo propietario registrar ese cambio en la JP.

IV.

Por los fundamentos antes discutidos, se desestima el recurso presentado ante el Tribunal de Apelaciones por el Municipio y se mantiene vigente la Resolución C-18-09.


Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Municipio Autónomo de
San Juan
    Recurrido

      v.

Junta de Planificación de        CC-2012-0690
Puerto Rico
    Recurrido

Julia Pérez-Carrillo y
Carlos Manuel Limardo Ortiz

Interventores – Peticionarios


SENTENCIA


En San Juan, Puerto Rico, a 5 de diciembre de 2013.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se desestima el recurso presentado ante el Tribunal de Apelaciones por el Municipio y se mantiene vigente la Resolución C-18-09.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal, Interina.


Camelia Montilla Alvarado
Secretaria del Tribunal Supremo, Interina