El Juez Presidente Señor Hernández Denton
emitió la opinión del Tribunal.
Debemos determinar a quiénes debe notificarse un re-curso de revisión presentado para impugnar una Resolución de la Junta de Planificación emitida en un proceso de rezonificación. En particular, nos corresponde analizar si se debe notificar a todos los dueños de las propiedades rezoni-ficadas por la Resolución. Además, tenemos que resolver cuál es el dueño a quien hay que notificar cuando hay un cambio de propietario durante el trámite administrativo. Por último, debemos establecer si un dueño puede ser noti-ficado mediante su representante designado para llevar a cabo el proceso de rezonificación.
Por los fundamentos que exponemos a continuación, se desestima el recurso de revisión presentado por el munici-pio de San Juan por falta de notificación y se mantiene en vigor la Resolución emitida por la Junta de Planificación.
I
El 30 de agosto de 2007 R.H. Holdings, Inc. (R.H. Holdings) y su Presidente, Sr. Ramón Acosta Díaz, en calidad de dueños(1) y representados por el Sr. Víctor Rivera Pa- *900 gán, presentaron la petición de recalificación 2007-17-0420-JPZ ante la Junta de Planificación (JP). Requirieron que se enmendara la calificación de un solar perteneciente a la corporación ubicado en la Calle Pedro Bigay, Núm. 562 en la Urb. Baldrich en San Juan. En específico, solicitaron que se enmendara la Hoja Número 7-D del Mapa de Cali-ficación de Suelos del Municipio de San Juan para que se recalificara el solar de R-3 (residencial general) a C-l (co-mercial local) con el propósito de operar una oficina de ser-vicios de celulares.
Tras varios incidentes relacionados con el proceso de re-calificación, la JP celebró una vista pública el 4 de diciem-bre de 2007 para evaluar esa petición. El 14 de julio de 2008, la JP notificó una Resolución mediante la cual aprobó el cambio en la zonificación de R-3 a C-L (comercial liviano) por considerar que el área se comportaba como de usos mixtos y alto volumen vehicular, derrotando el uso principal residencial. Advirtió que, una vez la JP autoriza una enmienda a un Mapa de Calificación/Zonificación, la enmienda entraría en vigor a los quince días de publicarse un edicto en un periódico de circulación general. Por otra parte, la JP recibió otras siete peticiones de enmienda a la Hoja Número 7-D del Mapa de Calificación de Suelos del Municipio de San Juan, las que fueron evaluadas de forma independiente.
El 12 de noviembre de 2011 R.H. Holdings vendió la propiedad en cuestión a la parte peticionaria compuesta por la Leda. Julia Pérez-Carrillo Sainz y el Ledo. Carlos Manuel Limardo Ortiz. Es decir, los peticionarios adquirie-ron la propiedad antes de finalizar el proceso administra-tivo de enmienda al mapa de calificación. Después de la adquisición, estos obtuvieron un permiso de uso del Muni-cipio Autónomo de San Juan (Municipio) para utilizar el local como oficina de su práctica privada de abogacía.
Para completar el proceso administrativo de enmiendas al mapa de calificación, el 31 de enero de 2012 la JP emitió *901 la Resolución C-18-09 en la cual aprobó y adoptó la peti-ción de R.H. Holdings y las otras siete peticiones presenta-das para enmendar la Hoja Número 7-D del Mapa de Ca-lificación de Suelos del Municipio de San Juan. Además, publicó un aviso en el periódico El Vocero el 15 de marzo de 2012, según exige el Reglamento de Zonificación de Puerto Rico. El aviso informaba que las enmiendas entrarían en vigor a los quince días de publicado, a saber, el 31 de marzo de 2012. Cabe mencionar que durante todo el trámite ad-ministrativo, la JP envió sus notificaciones a las direccio-nes de R.H. Holdings y del señor Rivera Pagán que se ha-bían incluido en la petición de enmienda.
Insatisfecho con esa Resolución, el 30 de abril de 2012 el Municipio presentó un recurso de revisión ante el Tribunal de Apelaciones para impugnar la petición 2007-17-0420-JPZ presentada por R.H. Holdings. En síntesis, suplicó que se revocara y se dejara sin efecto la autorización de cambio de calificación de la propiedad especificada en esa petición. Nótese que, aunque delimitó la impugnación de la Resolu-ción a una de las ocho peticiones, el primer señalamiento de error en su recurso es si erró la JP al acumular en una sola resolución y aviso la notificación de enmiendas a ocho propiedades.
El Municipio solamente notificó su recurso al señor Rivera Pagán como representante de R.H. Holdings y del se-ñor Acosta Díaz. No notificó a los nuevos dueños de la pro-piedad ni a R.H. Holdings o al señor Acosta Díaz. Tampoco notificó a los propietarios de los otros siete solares que se vieron afectados por las enmiendas aprobadas en la Reso-lución C-18-09.
A raíz de esto, se presentaron tres mociones de desesti-mación por falta de notificación. El señor Acosta Díaz pre-sentó una primera en la cual alegó que, como Presidente de R.H. Holdings, le asistía el derecho a ser notificado del recurso de revisión por ser el dueño de la propiedad. Afirmó que el señor Rivera Pagán ya no trabajaba para su compañía, por lo que no era parte con interés en el caso.
*902 Por su parte, la parte peticionaria solicitó la desestima-ción del recurso por falta de notificación por ser los dueños actuales. En la alternativa, pidieron intervenir en el pro-ceso apelativo, puesto que sus intereses propietarios se po-drían ver afectados. Sobre estas dos mociones, el foro ape-lativo intermedio declaró “no ha lugar” a la desestimación por falta de jurisdicción y concedió la intervención de los peticionarios.
La JP presentó la tercera moción de desestimación por falta de jurisdicción. Argumentó que el Municipio no había notificado a siete de los ocho proponentes de las enmiendas individuales, lo que incide sobre la jurisdicción del foro intermedio. Esto, pues no notificar a todos los proponentes tiene el efecto de limitar el derecho de participar en el pro-ceso apelativo, el cual podría culminar con la revocación de la notificación efectuada mediante el aviso publicado.
El Municipio se opuso a la solicitud de desestimación presentada por la JP por entender que la notificación he-cha al señor Rivera Pagán fue suficiente, pues este fue quien participó del proceso de la petición 2007-17-0420-JPZ. Esto, ya que la impugnación respecto a la Resolución C-18-09 se limita a esa petición. A su entender, no se afec-tarán las siete peticiones restantes con la determinación que en su día tome el Tribunal de Apelaciones. Además, señala que envió la notificación a la dirección del señor Rivera Pagán porque aparece en el expediente administra-tivo como el representante de R.H. Holdings y del señor Acosta Díaz.
Sucesivamente, las partes continuaron presentando mo-ciones para justificar la desestimación o no del recurso. El Tribunal de Apelaciones, mediante varias resoluciones, de-negó desestimar el recurso por falta de notificación a los ocho promotores y determinó que la notificación hecha al señor Rivera Pagán fue suficiente por haber sido el repre-sentante de R.H. Holdings. Es decir, acogió el plantea-miento del Municipio sobre que la impugnación se refiere *903 solamente a una de las peticiones, por lo que no se extiende a las otras siete. Asimismo, dispuso que no consideraría una oposición presentada por la parte peticionaria porque el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, no provee para réplicas.
Tras esa denegatoria, la licenciada Pérez-Carrillo Sainz y el licenciado Limardo Ortiz acudieron ante este Tribunal mediante una moción en auxilio de jurisdicción para que revisáramos el aspecto jurisdiccional por falta de notifica-ción y petición de certiorari. Además, solicitaron que revo-cáramos la determinación del Tribunal de Apelaciones de no considerar la oposición, porque el reglamento de ese foro no provee para ello. Expedimos el recurso. Contando con el beneficio de las comparecencias de las partes, proce-demos a resolver.
II
Nuestra Constitución protege a los ciudadanos de no ser privados de su propiedad sin un debido procedimiento de ley. Art. II, Sec. 11, Const. ELA, LPRA, Tomo 1; Emda. V, Const. EE. UU., LPRA, Tomo 1. La notificación adecuada es un elemento indispensable del debido proceso de ley. Mun. San Juan v. Plaza Las Americas, 169 DPR 310, 329 (2006). Así pues, la falta de notificación adecuada del recurso de revisión de una decisión administrativa puede afectar la jurisdicción del Tribunal de Apelaciones. Matos v. Metropolitan Marble Corp., 104 DPR 122 (1975). Por tal razón, para dirimir la controversia ante nuestra consideración es necesario evaluar los requisitos de una notificación adecuada de un recurso de revisión administrativo en el contexto de una Resolución emitida por la JP para enmendar un mapa de zonificación.
A. Proceso de enmiendas a los mapas de zonificación
La JP es el organismo encargado de proteger los intereses de los ciudadanos en el descargo de la política *904 pública sobre zonificación. ELA v. Domínguez, 104 DPR 468, 470 (1975). Véase, además, Ley Núm. 76 de 24 de junio de 1975, conocida como Ley Orgánica de la Junta de Planificación de Puerto Rico, 23 LPRA sec. 62 et seq. Como tal, está facultada para adoptar o enmendar los mapas de zonificación mediante procesos de naturaleza cuasi-legislativa. Luán Investment Corp. v. Román, 125 DPR 533, 545 (1990). Dichos mapas de zonificación y sus enmiendas representan la forma visual y práctica de instru-mentar los reglamentos de zonificación y sus enmiendas, por lo que se trata del ejercicio de su función de reglamentación. íd. Por ello, la aprobación de estos reglamentos y sus enmiendas no son actos de naturaleza adju-dicativa, dirigidos a resolver una controversia en particular entre una o más personas, sino que son actos producto de los instrumentos con los cuales el Estado ha provisto a la JP para reglamentar el uso de terrenos en Puerto Rico, de manera que se logre un desarrollo integral y balanceado de nuestra sociedad. íd., pág. 547. Esto hace indispensable la adecuada notificación a todas las partes cuyos intereses puedan quedar afectados. Montoto v. Lorie, 145 DPR 30, 44 (1998).
Adviértase que la creación de dicha reglamentación se clasifica como regla legislativa porque impacta directamente a los ciudadanos en general y obliga con fuerza de ley a la agencia. Centro Unidos Detallistas v. Com. Serv. Púb., 174 DPR 174, 182 (2008). Esto contrasta con las reglas de interpretación o procesales que no tienen fuerza de ley, por lo que no crean derechos a los ciudadanos. Agosto Serrano v. F.S.E., 132 DPR 866, 873 (1993). No obstante, el hecho de que se trate de un proceso de reglamentación, no acarrea la aplicación automática de la doctrina general de reglamentos y, mucho menos, lo relativo a la notificación. Ramírez et al. v. Jta. Planificación, 185 DPR 748, 759 (2012). No puede ser de otra forma, pues en este proceso de rezonificación, los dueños ven sus intereses propietarios directamente afectados.
*905 Por otro lado, una vez la JP publica el aviso correspondiente en el periódico, las enmiendas que se efectúan a los mapas de zonificación entran en vigor a los quince días de su publicación. Ley Núm. 76, supra, 23 LPRA sec. 63. Es a partir de ese momento que comienza a transcurrir el término de treinta días para impugnar la validez de su faz de una regla o reglamento emitido por la agencia. Ley Núm. 170 de 12 de agosto de 1988 (3 LPRA sec. 2127(b)). Ciertamente, esto no requiere una notificación personal a cada una de las personas que se verán afectadas por la reglamentación, sino que es suficiente la notificación general. Ramírez et al. v. Jta. Planificación, supra, págs. 758-759.
B. Notificación adecuada como parte del debido proceso de ley en los procesos de zonificación
Aunque los procesos de rezonificación son cuasilegislativos, la realidad es que forman un híbrido al impactar los intereses propietarios de los ciudadanos que presentan las solicitudes de cambios a la zonificación de sus propiedades.(2) Ante esta particularidad, es ineludible reconocer que estas reglas legislativas impactan de manera particular a los dueños aun cuando sean de aplicación general. Sin embargo, para propósitos del debido proceso de ley en su vertiente procesal, existe un desfase entre la categorización del proceso como uno cuasilegislativo y que sus efectos sean de aplicación particular. Veamos.
La enmienda al mapa de zonificación que dio origen al recurso ante nos fue producto de un proceso cuasilegislativo, por lo que aplica la Sec. 2.7(b) de la Ley de Procedimiento Administrativo Uniforme del Estado Libre *906 Asociado de Puerto Rico (LPAU), Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 LPRA sec. 2127(b), que establece el procedimiento siguiente:
(b) Cualquier acción para impugnar la validez de su faz de una regla o reglamento por el incumplimiento de las disposi-ciones de este capítulo deberá iniciarse en el Tribunal de Ape-laciones dentro de los treinta (30) días siguientes a la fecha de vigencia de dicha regla o reglamento. La competencia sobre la acción corresponderá al Circuito de la región judicial donde está ubicado el domicilio del recurrente.
En cambio, la LPAU define “adjudicación” como el “pronunciamiento mediante el cual una agencia determina los derechos, obligaciones o privilegios que correspondan a una parte”. 3 LPRA sec. 2102(b). Vemos, pues, que el proceso de adjudicación se distingue por ser de aplicación particular, mediante el cual se adjudican derechos u obligaciones de una o más personas específicas. J.P. v. Frente Unido I, 165 DPR 445, 463-464 (2005); Luan Investment Corp. v. Román, supra, pág. 547. En cuanto a la revisión de las determinaciones administrativas en su función adjudicativa, la Sec. 4.2 de la LPAU, 3 LPRA sec. 2172, dispone lo siguiente:
[u]na parte adversamente afectada por una orden o resolu-ción final de una agencia y que haya agotado todos los reme-dios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de re-visión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dis-puestas en la see. 2165 de este título cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solici-tar dicha revisión.
En cuanto a lo que hoy nos ocupa, hemos expresado que no existen partes como tal ante la agencia en un *907 proceso de reglamentación. J.P. v. Frente Unido I, supra, pág. 465. Una vez se acude al Tribunal de Apelaciones para impugnar la regla o el reglamento pautado por la una agencia, "el que impugna la actuación administrativa es el recurrente, y la agencia pertinente es la recurrida; sólo entonces es que existe un proceso adversativo ante un tribunal, y por lo tanto, ‘partes’ ante ese foro”. íd., pág. 466. Por consiguiente, hemos sostenido que el requisito de notificación de la presentación del recurso de revisión adminis-trativa a las partes que se establece en la Sec. 4.2 de la LPAU, supra, se refiere al proceso de adjudicación ante una agencia administrativa y no al de reglamentación. J.P. v. Frente Unido I, supra, págs. 466-467.
Al ser así, a los procesos de rezonificación debería apli-carles el proceso de impugnación de reglamento establecido en la Sec. 2.7 de la LPAU, supra, y no el dispuesto en la See. 4.2 de la misma ley, supra. Por ello, quien impugna no tendría que notificar su recurso de revisión a los propietarios.
No obstante, ante una situación similar, en Ramírez et al. v. Jta. Planificación, supra, este Tribunal concluyó que los dueños tenían derecho a ser notificados de una senten-cia del Tribunal de Apelaciones. Reconocimos que estos eran partes cuyos intereses podrían ser afectados particularmente por los cambios en zonificación de sus propiedades. Entendimos que los intereses propietarios de los dueños afectados por la determinación de la JP o del foro revisor hacen que se activen las garantías del debido proceso de ley en su vertiente procesal, incluyendo las de una notificación adecuada. Ramírez et al. v. Jta. Planificación, supra.
El debido proceso de ley procesal "impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo”. Rivera Rodríguez & Co. v. Lee Stowell, etc., 133 DPR 881, *908 887-888 (1993). Al determinar cuál es el proceso apropiado para privar algún individuo de un derecho protegido, debemos observar los tres criterios establecidos por el Tribunal Supremo de Estados Unidos en Mathews v. Eldridge, 424 US 319 (1976): (1) determinar cuáles son los intereses afec-tados por la acción oficial, (2) el riesgo de una determinación errónea que prive a la persona del interés protegido mediante el proceso utilizado y el valor probable de garantías adicionales o distintas, y (3) el interés gubernamental protegido con la acción sumaria y la posibilidad de usar métodos alternos. Zapata et al. v. Zapata et al., 156 DPR 278, 301-302 (2002). Una vez identificado el interés pro-pietario, el debido proceso garantiza la notificación adecuada. Marcano v. Departamento de Estado, 163 DPR 778 (2005).
En virtud de lo anterior, la falta de una notificación adecuada viola las garantías del debido proceso de ley de los dueños de las propiedades que se ven afectadas por los procesos de zonificación. Véase Asoc. Vec. Altamesa Este v. Mun. San Juan, 140 DPR 24 (1996). Como consecuencia, este Tribunal dispuso que “independientemente de quién sea el peticionario en el proceso de cambio de zonificación, surge diáfanamente del Reglamento la importancia de notificar a los dueños de las propiedades de la zona sujeta al cambio”. (Enfasis suplido). Ramírez et al. v. Jta. Planificación, supra, pág. 759 Al respecto, la Sec. 4.06 del Reglamento de Zonificación de Puerto Rico, Reglamento de Planificación Núm. 4 de la Junta de Planificación de 5 de noviembre de 2000, pág. 53, establece que “cuando sea por iniciativa propia y se trate de solares de pertenencia privada o pública, la Junta notificará al dueño de la propiedad”.
Asimismo, la notificación es esencial en todos los aspectos que cubren el proceso de zonificación. En Ramírez et al. v. Jta. Planificación, supra, este Tribunal expresó:
*909 Por consiguiente, si la notificación a los dueños de las pro-piedades sujetas al proceso de zonificación es tan esencial en el ámbito administrativo, no vemos cómo a nivel apelativo la notificación pueda ser más laxa. En otras palabras, la impor-tancia de la notificación a los propietarios cubre todo el proceso de zonificación, incluyendo las etapas apelativas. (Enfasis en el original). íd., pág. 760.
Por lo tanto, en dicho caso concluimos que los setenta y ocho propietarios de las peticiones aprobadas mediante una Resolución de la JP eran partes que debían ser notifi-cadas adecuadamente durante todo el proceso. íd. Esto res-ponde a que los derechos sobre su propiedad se podrían ver afectados mediante un cambio de zonificación producto de la revisión judicial. íd.
Por su parte, la Regla 58(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, regula específicamente el proceso de revisión de las decisiones administrativas. En lo pertinente al caso ante nos, dispone:
(B) Notificación a las partes.—
(1) Cuándo se hará. — La parte recurrente notificará el es-crito de revisión debidamente sellado con la fecha y hora de su presentación a los abogados(as) de récord del trámite adminis-trativo o, en su defecto, a las partes, así como a la agencia o al [(a la)] funcionario(a) administrativo(a) de cuyo dictamen se recurre, dentro del término para presentar el recurso, siendo éste un término de cumplimiento estricto.
III
En primer lugar, la parte peticionaria plantea que erró el Tribunal de Apelaciones al no desestimar por falta de notificación adecuada. Por ello, a la luz de la normativa expuesta, debemos resolver: (1) si es suficiente la notifica-ción hecha al representante asignado por una corporación para presentar la petición de cambio de zonificación; (2) a quién debe notificar el Municipio si hay un cambio de dueño durante el trámite administrativo, y (3) si el Muni- *910 cipio debía notificar su recurso de revisión a los ocho peti-cionarios incluidos en la Resolución C-18-09 publicada en el aviso del periódico.
Hemos dejado claro que la falta de notificación ade-cuada en cualquier etapa del proceso de rezonificación puede violar las garantías al debido proceso de ley de los dueños de las propiedades afectadas, incluyendo en la etapa apelativa. Por esta razón, es indispensable determi-nar si el Municipio notificó correctamente su recurso a to-das las partes que pudieran quedar afectadas por la deter-minación del Tribunal de Apelaciones.
Según expusimos, la Resolución C-18-09 fue el resul-tado de ocho peticiones de enmiendas a zonificación que presentaron los dueños o sus representantes. En el caso de la petición 2007-17-0420-JPZ, R.H. Holdings, como dueño de la propiedad, emitió una resolución corporativa para que su Presidente presentara la solicitud de enmienda ante la JP. Asimismo, este notificó a la JP que autorizaba al señor Rivera Pagán a presentar la solicitud como su representante. Al momento de presentar el recurso de re-visión, el Municipio notificó a quien había sido el represen-tante durante el trámite administrativo y cuya dirección aún constaba en el expediente. Entendemos que el Muni-cipio actuó correctamente al notificar a la dirección del se-ñor Rivera Pagán, ya que este fue quien presentó la peti-ción 2007-17-0420-JPZ a nombre de R.H. Holdings y del señor Acosta Díaz. Claro está, si la corporación deseaba cambiar su representante, debía notificarlo a la JP para que así se hiciera constar en el expediente administrativo.
Ahora bien, al sostener que, como mínimo, debe notifi-carse a los dueños, debemos determinar qué ocurre si hay un cambio de dueño durante el proceso. La parte peticio-naria señala que tiene derecho a que se le notifique por ser los dueños al momento de la presentación del recurso de revisión administrativa. El Municipio arguye que sería muy oneroso determinar quién es el dueño actual. Consi- *911 deramos que le asiste la razón al Municipio. Por tal razón, al presentar un recurso de revisión, este se deberá notificar al dueño o a su representante que conste en el expediente. Surge del expediente ante nos que el dueño de la propiedad ubicada en la Calle Pedro Bigay, Núm. 562 en la Urb. Bal-drich en San Juan era R.H. Holdings. Así pues, el Munici-pio actuó correctamente al notificar a este último. Los nue-vos dueños pueden solicitar el cambio ante la JP o solicitar intervención, tal como ocurrió en este caso. No obstante, si el expediente no refleja un cambio de dueño o represen-tante al momento de presentar el recurso de revisión, se notificará al propietario o a su representante que presentó la petición de rezonificación.
Por último, es necesario establecer si el Municipio debía notificar su recurso a los ocho dueños incluidos en la Reso-lución C-18-09. Recordemos que mediante dicha resolución y el correspondiente aviso en el periódico se enmendó la Hoja Número 7-D del Mapa de Calificación de Suelos del Municipio de San Juan. Tanto el Municipio como el Tribunal de Apelaciones sostienen que la impugnación se refiere y afectará únicamente a una de las ocho peticiones. No estamos de acuerdo.
Los dueños de las propiedades que forman parte de la Resolución impugnada presentaron las peticiones de rezonificación. Como consecuencia, no albergamos duda que estos son partes con derecho a ser notificados durante todo el proceso administrativo y apelativo. Además, son los proponentes de los procesos de cambios en zonificación que culminaron con la publicación de una sola resolución y un aviso que el Municipio esencialmente impugna. Evidente-mente, sus intereses podrían verse afectados si el Tribunal de Apelaciones decide revocar la Resolución C-18-09 de la JP, por lo que se podría anular el efecto del aviso público.
Más aún, el Municipio señaló ante el Tribunal de Apela-ciones que la JP erró al acumular en una sola resolución y aviso la notificación de enmiendas a las ocho propiedades. *912 Necesariamente, al evaluar este señalamiento, las rezonifi-caciones de esas ocho propiedades también pudieran verse afectadas. Por consiguiente, el Municipio estaba obligado a notificar su recurso de revisión a los ocho dueños o sus representantes. No obstante, surge del expediente que solo se notificó a R.H. Holdings. Ante esa situación, el foro ape-lativo intermedio erró al entender que no era necesaria la notificación a las siete propiedades restantes.
Por todo lo anterior, es forzoso concluir que el recurso de revisión presentado por el Municipio nunca se perfeccionó por haber incumplido con el requisito de notificación. Con-secuentemente, el foro apelativo intermedio no tiene juris-dicción y procede la desestimación del recurso. Concluido esto, es innecesaria la discusión del segundo señalamiento de error presentado por la parte peticionaria.
En síntesis, la notificación de un recurso de revisión presentado para impugnar una Resolución de la JP debe hacerse a todos los dueños o peticionarios que se incluyen en dicho dictamen, según constan en el expediente administrativo, en virtud de la naturaleza del proceso de rezonificación que nos ocupa. Si los dueños tienen un representante designado para el proceso de petición de enmienda, la notificación a este será suficiente, salvo que estos revoquen o designen un nuevo representante y lo hagan constar ante la JP. De surgir esta situación, deberá notificarse al representante nuevo o la persona designada por los propietarios. Por otro lado, de ocurrir un cambio de dueño durante el trámite administrativo, es responsabilidad del nuevo propietario registrar ese cambio en la JP.
IV
Por los fundamentos antes discutidos, se desestima el recurso presentado ante el Tribunal de Apelaciones por el Municipio y se mantiene vigente la Resolución C-18-09.

 En el encasillado de dueño en la solicitud de petición de enmienda aparece R.H. Holding/Ramón Acosta.

 El Art. 32 de la Ley Orgánica de la Junta de Planificación de Puerto Rico, reconoce que las actuaciones realizadas al amparo de esta autoridad constituyen actos de naturaleza cuasilegislativa. 23 LPRA sec. 63d.